United States District Court
Southern District of Texas
**ENTERED**
December 22, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|   |   |   |
|---|---|---|
| PLINIO DEL JESUS DIAZ MUNDARAIN, A# 220-567-041, | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:25-5970 |
| WARDEN GRANT DICKEY, *et al.* | § § § | |
| Respondents. | § § | |

**MEMORANDUM OPINION AND ORDER**
**GRANTING WRIT OF HABEAS CORPUS**

Petitioner Plinio del Jesus Diaz Mundarain is detained in the custody of officials

with the United States Department of Homeland Security Immigration and Customs

Enforcement (ICE) at the Joe Corley Processing Center. Through counsel, the petitioner

filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 1) seeking

immediate release, along with a motion for injunctive relief (Dkt. 2).

The petitioner states that he is a Venezuelan national; that he entered the United

States in 2021; that he has applied for political asylum; that immigration authorities have

granted him temporary protected status (TPS) and work authorization; that he was

detained on November 14, 2025, and placed in removal proceedings; and that an

immigration judge denied his bond request on December 4, 2025, for lack of jurisdiction.

He claims that the respondents have not articulated any lawful basis to detain him.

On December 16, 2025, the Court entered an order for an expedited answer (Dkt. 5) and an order to show cause (Dkt. 6) why the petitioner should not be immediately released from custody or, in the alternative, provided a bond hearing within three days. The parties have responded to the order to show cause (Dkt. 9; Dkt. 10).  On December 22, 2025, the Court held a hearing on the order to show cause and heard the parties on appropriate habeas relief for this case.

The respondents oppose habeas relief and argue that the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) (Dkt. 9).  The also argue that the petitioner already had a bond hearing, at which the immigration judge denied bond for lack of jurisdiction and, in the alternative, because the petitioner poses a flight risk. The petitioner states that that lack of jurisdiction was the primary basis for the ruling and that the immigration judge made the alternate finding without a full evidentiary hearing at which the petitioner could present evidence (Dkt. 10).

Having considered the parties' briefing, their arguments at the hearing, and all matters of record, the Court determines that the petitioner, who has been present in the United States for approximately four years, is not subject to mandatory detention under 8 U.S.C. § 1225(b).  *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2025 WL 3552514 (7th Cir. Dec. 11, 2025); *Behnam Goorakani v. Lyons*, No. 25-CV-9456 2025 WL 3632896 (S.D.N.Y. Dec. 15, 2025); *Cruz Gutierrez v. Thompson*, No. 4:25-4695, 2025 WL 3187521 (S.D. Tex. Nov. 14, 2025); *Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097 (S.D. Tex. Oct. 8, 2025); *Buenrostro-*

*Mendez v. Bondi*, No. H-25-3726, 2025 WL 2886346, at *2 (S.D. Tex. Oct. 7, 2025). The Court further determines, based on the record before it, that the immigration court did not fully consider the issue of whether the petitioner poses a flight risk and/or should be released on bond under 8 U.S.C. § 1226(a).

The Court therefore **ORDERS** that the petitioner's petition for habeas relief (Dkt. 1) is **GRANTED**. The respondents are **ORDERED** to provide the petitioner with a bond hearing under 8 U.S.C. § 1226(a), with all attendant burdens of proof, within seven days of the date of this order. In the alternative, if the respondents do not provide the petitioner with a bond hearing within seven days, the respondents are ordered to release the petitioner from custody by the end of the seventh day.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on ___December 22_____, 2025.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE